UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| William Walker<br>30 Sandune Ct., Apt I<br>Plum PA 15239<br>　　　　　　　　Plaintiff<br>　　v.<br><br>Garry Lester Stephenson<br>455 Hill St.<br>Beech Bottom, WV 26030<br>　　　　　　　　AND<br><br>Spirit Services of WV LLC<br>4 Plant Road<br>Nitro, WV 25143<br><br>　　　　　　　　Defendants | # _____ |

## COMPLAINT

### PARTIES

1.  Plaintiff, William Walker, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.  Upon information and belief, Defendant, Garry Lester Stephenson, is a resident who resides and is domiciled in West Virginia the State of West Virginia, residing at the address listed in the caption of this Complaint.

3.  Defendant, Spirit Services of WV LLC, is a corporate entity authorized to conduct business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint.

4.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff, William Walker, is a citizen of Pennsylvania and the Defendant, Garry Lester Stephenson, is a citizen who resides and is domiciled in West Virginia, and the Defendant, Spirit Services of WV LLC, upon information and belief is a corporate entity with its principal place of business in West Virginia and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

6. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTS

7. On or about May 21, 2024, at or about 7:45AM, Plaintiff was the operator of a motor vehicle traveling on Parkway East Inbound, Pittsburgh around 68 mile marker.

8. At or about the same date and time, Garry Lester Stephenson was the operator of a truck which was owned, rented, leased, and/or otherwise under the control of and entrusted to him/her by Defendants, Spirit Services of WV LLC (the "Subject Truck").

9. Upon information and belief, the Subject Truck bore the logo and business name of Defendants, Spirit Services of WV LLC, and was being used for the business purpose(s) of Defendants, Spirit Services of WV LLC.

10. At or about the same date and time, Garry Lester Stephenson was driving the Subject Truck behind the Plaintiff's vehicle when he/she suddenly, and without warning, crashed into the rear-end of the Plaintiff's vehicle.

11. At all times relevant hereto, including the time of the subject motor vehicle

collision, Garry Lester Stephenson was an agent, employee, and/or servant of Defendants, Spirit Services of WV LLC, and was operating the Subject Truck in the course and scope of his/her agency and/or employment with Defendants, Spirit Services of WV LLC.

12. Upon information and belief, in proceeding to rear-end the Plaintiff's vehicle, Garry Lester Stephenson failed to maintain an assured clear distance from vehicles ahead, failed to pay adequate attention to his/her surroundings ahead, failed to ensure traffic ahead was clear, was in a hurry, and/or was simply fatigued and/or distracted.

13. The collective and individual acts, omissions, and failures detailed above and further below on the part of Defendants, were careless and negligent.

14. The subject motor vehicle collision was proximately caused by the carelessness, and/or negligence of Defendants, and not the result of any action or failure to act by Plaintiff.

15. As a direct and proximate result of the joint and/or several and/or direct or vicarious negligence and/or carelessness of Defendants, Plaintiff has sustained serious permanent personal injuries and damages, whiplash, back, neck, and head.

<u>**COUNT I**</u>
**William Walker v. Garry Lester Stephenson**
**Personal Injury—Negligence**

16. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

17. The negligence and/or carelessness of Defendant Garry Lester Stephenson, which was a proximate cause of the subject motor vehicle collision and the resultant injuries and damages suffered by Plaintiff included the following actions/inactions:

    a. Failure to exercise ordinary care to avoid a crash;

    b. Operating the Subject Truck without regard for the rights or safety of Plaintiff or the general motoring public, and in such a manner as to rear-end the

    Plaintiff's vehicle;

c. Failing to keep a proper lookout for vehicular traffic ahead;

d. Failing to adequately, sufficiently, and properly clear traffic to ensure it was safe to continuing proceeding forward;

e. Failing to yield the right of way to vehicular traffic ahead, including Plaintiff;

f. Failing to maintain proper distance between vehicles;

g. Failing to have the Subject Truck under proper and adequate control;

h. Operating the Subject Truck at a rate of speed that was dangerous and excessive under the circumstances;

i. Violating the "assured clear distance ahead" rule;

j. Failure to apply his/her brakes earlier to stop the Subject Truck to avoid the subject motor vehicle collision;

k. Being inattentive to his/her duties as the operator of the Subject Truck;

l. Failing to remain continually alert while operating the Subject Truck;

m. Failing to perceive the highly apparent danger to the monitoring public, specifically, including Plaintiff, which his/her actions and/or inactions posed;

n. Failing to be highly vigilant and maintain sufficient control of the Subject Truck and bring it to a stop on the shortest notice possible;

o. Operating the Subject Truck with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

p. Continuing to operate the Subject Truck in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen that further operation in that direction would result in a crash;

q. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

r. Failing to exercise and adhere to proper safe and defensive driving practices as set forth in his/her driver training and/or required by applicable state and/or Federal Motor Carrier Safety Regulations

  s.  Driving while above the hours of service allotted by applicable state and Federal Motor Carrier Regulations and/or otherwise fatigued;

  t.  Driving while distracted;

  u.  Failing to operate said commercial truck in a compliance with applicable state and local laws and ordinances pertaining to the operation and control of motor vehicles including violations of Pennsylvania Motor Vehicle Code Sections 3303, 3304, 3310, 3333, 3361, 3714, 3736, and/or;

18. As a direct and proximate result of the negligent, and/or careless conduct of Defendant Garry Lester Stephenson, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and others ills and injuries, whiplash, back, neck, and head, all to Plaintiff's great loss and detriment.

19. As a direct and proximate result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered and is presently suffering great anguish, sickness and agony, and will continue to so suffer for an indefinite time into the future.

20. As an additional result of the carelessness and/or negligence, of Defendant Garry Lester Stephenson, along with the physical injuries suffered, Plaintiff suffered and is presently suffering emotional injuries, and will continue to so suffer for an indefinite time into the future.

21. As a direct result of the carelessness, and/or negligence of Defendant Garry Lester Stephenson, Plaintiff suffered damage to his/her personal property, including the motor vehicle he/she was operating at the time of the subject motor vehicle collision, and related expenses including but not limited to storage fees and towing, all to Plaintiff's great loss and detriment.

22. As a further result of Plaintiff's injuries, he/she has in the past suffered, is presently suffering, and may in the future suffer a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

23. Finally, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 *et. seq.*, as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, William Walker prays for judgment in his/her favor and against Defendant, Garry Lester Stephenson, in an amount in excess of Seventy-Five ($75,000.00) Dollars, plus all costs and other relief this court deems just.

## COUNT II
### William Walker v. Spirit Services of WV LLC
### Negligent Hiring, Retention, Training, Supervision, and Entrustment

24. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

25. The carelessness and/or negligence of Defendant Spirit Services of WV LLC, which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by Plaintiff, included the following actions/inactions:

   a. Hiring, retaining, and permitting Defendant Garry Lester Stephenson to operate the Subject Truck without first properly and adequately qualifying him/her consistent with industry custom and applicable regulations;

   b. Hiring, retaining, and permitting Defendant Garry Lester Stephenson to operate the Subject Truck without first conducting a proper and adequate background check to ascertain whether or not he/she was competent and fit to properly and safely operate a commercial truck;

   c. Failing to provide proper, adequate, ongoing and/or remedial training to Defendant

      Garry Lester Stephenson consistent with industry custom and applicable regulations, including safe and defensive driving training in general and specific to paying proper attention to his/her surroundings and avoiding in-vehicle distractions;

d. Failing to take proper and adequate measures to prevent Defendant Garry Lester Stephenson from endangering the motoring public, specifically including Plaintiff, by: failing to pay proper attention to his/her surroundings while driving; driving while distracted and/or fatigued; and/or rushing and/or hurrying;

e. Retaining and permitting Defendant Garry Lester Stephenson to operate the Subject Truck when Defendant Spirit Services of WV LLC knew or, in the exercise of due care and diligence, should have known by and through his/her prior unsafe and/or substandard driving conduct during his/her tenure as agent/employee of Defendant Spirit Services of WV LLC that Defendant Garry Lester Stephenson was incompetent and/or unfit to drive a commercial truck, capable of committing and likely to commit actions and inactions like those set forth above that would harm the motoring public;

f. Failing to properly and adequately train, monitor and/or supervise Defendant Garry Lester Stephenson to ensure he/she would adhere to proper safe and defensive driving practices custom to the industry and/or required by the Pennsylvania Motor Vehicle Code, and/or applicable regulations;

g. Failing to properly and adequately train, monitor, and/or supervise Defendant Garry Lester Stephenson to ensure he/she could manage collision-free encounters with the motoring public, specifically including Plaintiff;

h. Unreasonably setting and assigning Defendant Garry Lester Stephenson a route that was too tight/aggressive for him/her to perform without hurrying and/or rushing to complete said route;

i. Allowing and/or directing Defendant Garry Lester Stephenson to operate the Subject Truck while he/she was fatigued; and

j. Failing to warn the motoring public, including Plaintiff, that Defendant Garry Lester Stephenson knew or in the existence of due care and diligence should have known, that plaintiff would be exposed to Defendant Garry Lester Stephenson's negligent, and/or careless operation of the commercial truck.

26. As a direct and proximate result of the negligent, and/or careless conduct of Defendant, Spirit Services of WV LLC, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and others ills and injuries,

whiplash, back, neck, and head, all to Plaintiff's great loss and detriment.

27. As a direct and proximate result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered and is presently suffering great anguish, sickness and agony, and will continue to so suffer for an indefinite time into the future.

28. As an additional result of the carelessness, and/or negligence of Defendant, Spirit Services of WV LLC, along with the physical injuries suffered, Plaintiff suffered and is presently suffering emotional injuries, and will continue to so suffer for an indefinite time into the future.

29. As a direct result of the carelessness and/or negligence of Defendant, Spirit Services of WV LLC, Plaintiff suffered damage to his/her personal property, including the motor vehicle he/she was operating at the time of the subject crash, and related expenses including but not limited to storage fees and towing, all to Plaintiff's great loss and detriment.

30. As a further result of Plaintiff's injuries, he/she has in the past suffered, is presently suffering, and may in the future suffer a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

31. Finally, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 *et. seq.*, as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, William Walker, prays for judgment in his/her favor and against Defendant, Spirit Services of WV LLC, in an amount in excess of Seventy-Five

($75,000.00) Dollars, plus all costs and other relief this court deems just.

## COUNT III
### William Walker v. Spirit Services of WV LLC
### Respondeat Superior

32. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

33. The negligence, carelessness, and/or malicious conduct on the part of Defendant Garry Lester Stephenson, detailed in Count I, above, occurred while Defendant Garry Lester Stephenson was acting at all relevant times within the course and scope of his/her agency and/or employment with Defendant, Spirit Services of WV LLC, and was the direct and proximate cause of the above-described motor vehicle collision and proximately resulting injuries and damages sustained by Plaintiff.

34. As such, Defendant Spirit Services of WV LLC is vicariously liable under the doctrine of respondeat superior result for the negligence and/or careless conduct of Defendant Garry Lester Stephenson in causing the above-described motor vehicle collision and proximately resulting injuries and damages sustained by Plaintiff.

WHEREFORE, Plaintiff, William Walker, prays for judgment in his/her favor and against Defendant, Spirit Services of WV LLC, in an amount in excess of Seventy-Five ($75,000.00) Dollars, plus all costs and other relief this court deems just.

SIMON & SIMON, P.C.

BY: *s/Ryan Flaherty*
Ryan Flaherty, Esquire
RyanFlaherty@gosimon.com
Tel.: (412) 360-7257
Fax.: (215) 701-4963
500 Grant Ave., Suite 2900
Pittsburgh, PA 15219